UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE APPLICATION OF MONEYONMOBILE, INC., DIRECTING DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 19-mc-80128-VKD<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR ORDER PERMITTING DISCOVERY PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Applicant MoneyOnMobile, Inc. ("MOMT") has filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for discovery of documents and deposition testimony from Mr. Abhishek Verma for use in a proceeding before the London Court of International Arbitration ("LCIA Proceeding"). Dkt. No. 1.

For the reasons stated below, the Court grants the application.

## I. BACKGROUND

According to the application, MOMT is a Texas corporation that provides software and mobile application to facilitate digital payments using mobile telephone technology. *Id.* at 1. MOMT states that it invested in, with the objective of controlling, two Indian companies for the purpose of providing mobile digital payments in India. *Id.* MOMT says that it retained Mr. Verma and his brother as consultants to assist MOMT with certain personnel-related matters, but that instead Mr. Verma and his brother "orchestrated a fraudulent scheme" to take over one of the Indian companies and to convince the employees of the other company to resign and join a new company formed by Mr. Verma and his brother. *Id.* In October 2018, MOMT initiated the LCIA

Proceeding to enforce certain contract rights it claims to have with respect to the two Indian companies. *Id.* at 5.

MOMT says that Mr. Verma resides in Cupertino, California. *Id.* at 1, 7. He is not a party to the LCIA Proceeding. However, MOMT says he has information that is relevant to matters in dispute in that proceeding and it seeks discovery of such information for use in that proceeding. *Id.* at 2.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1782, a district court may order the production of documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." *Intel*, 542 U.S. at 246.

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In exercising that discretion, the court considers several factors:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) whether the discovery request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id.* at 264-65.

A district court's discretion is guided by the twin aims of § 1782: providing efficient

assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004). The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *See Intel*, 542 U.S. at 247, 261-63.

Applications brought pursuant to 28 U.S.C. § 1782 typically are considered on an *ex parte* basis, since "'parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it.'" *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)). "Consequently, orders granting § 1782 applications typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re: Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

## III. DISCUSSION

### A. Statutory Requirements

MOMT's application satisfies the statutory requirements of 28 U.S.C. § 1782(a). First, the subpoena seeks discovery from Mr. Ahbishek Verma, who is alleged to reside in Cupertino, California, within the Northern District of California.[1] Second, MOMT requests this discovery for

---

[1] MOMT's assertions that Mr. Verma resides in this district are made solely "on information and belief." MOMT does not point to any information supporting its belief. However, if he does not

3

use in a pending proceeding before the LCIA, a foreign tribunal. Third, as the complaining party in the LCIA Proceeding, MOMT is an interested person within the meaning of the statute.

### B. *Intel* Factors

Even if the Court has the authority to grant MOMT's § 1782 application, that does not mean the Court is required to do so. *Intel*, 542 U.S. at 247. In determining whether judicial assistance under § 1782 is appropriate, the Court must consider the additional *Intel* factors.

#### 1. Participation of Target in the Foreign Proceeding

Although this factor addresses whether the person from whom discovery is sought is a party to the foreign proceeding, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotations and citation omitted).

According to the application, Mr. Verma is not a party to the LCIA Proceeding, and the discovery sought by subpoena is located outside the jurisdiction of the foreign tribunal. Dkt. No. 8-1 ¶ 8. In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence. *Intel*, 542 U.S. at 264. The Court finds that this factor weighs in favor of discovery.

#### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

Under this factor, the Court considers "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "'[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved.'" *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)). Courts have

---

actually reside in this district, Mr. Verma may challenge the subpoena on that basis.

1   denied requests for discovery where the foreign tribunal or government expressly says it does not
2   want the U.S. federal court's assistance under § 1782. *See, e.g.*, *Schmitz*, 376 F.3d at 84-85
3   (affirming the denial of discovery where the German government expressly objected to the
4   information sought due to concerns that it would jeopardize an ongoing German criminal
5   investigation, as well as German sovereign rights); *In re Ex Parte Application of Qualcomm Inc.*,
6   162 F. Supp. 3d 1029, 1040-41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed
7   heavily against discovery where the Korean Fair Trade Commission filed an amicus brief stating
8   that it had no need or use for the requested discovery).

Here, MOMT represents that it has no information that the LCIA would *not* receive discovery assistance from the United States. *See* Dkt. No. 1 at 8; Dkt. No. 8-1 ¶ 9. MOMT also observes that other district courts have recently granted § 1782 applications for discovery for use before the LCIA. Dkt. No. 1 at 8. In the absence of evidence to the contrary, the Court concludes that this factor weighs in favor of authorizing service of the subpoena.

### 3. Circumvention of Proof-Gathering Restrictions

Under this factor, the Court considers whether MOMT's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies).

Here, Mr. Jagadeesh, an attorney for MOMT who is licensed to practice in India, asserts

1  that he is aware of no restrictions or policies the LCIA that would limit the gathering of the
2  evidence MOMT seeks here.  Dkt. No. 8-1 ¶ 9.  In the absence of contrary information regarding
3  the procedures acceptable to the LCIA, the Court concludes that this factor also weighs in favor of
4  authorizing service of the subpoena.

### 4. Unduly Burdensome or Intrusive Discovery

Under this factor, the Court considers whether the discovery is sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

MOMT does not attach the entirety of the proposed subpoena to its application, but only the proposed document requests and deposition topics (presumably, the proposed attachments to the subpoena form).  MOMT seeks documents responsive to nine document requests and testimony on eight topics.  Dkt. No. 2.  The proposed subpoena appears to be directed to discovery of matters relating to the pending LCIA Proceeding, and does not appear to be unduly burdensome or intrusive.  As Mr. Verma will have the opportunity to object to particular requests or topics following service of the subpoena, the Court concludes that this factor weights in favor of authorizing service of the subpoena.

## IV. CONCLUSION

MOMT's application meets the statutory criteria for an order authorizing service of the proposed subpoena.  In addition, the factors that inform the Court's exercise of its discretion under *Intel* also favor authorizing service of the subpoena.

Accordingly, the Court authorizes service of a subpoena that includes the proposed documents requests and deposition topics on Ahbishek Verma.  This order does not foreclose a motion to quash or to modify the subpoena by Mr. Verma following service.  At the time of service of the subpoena, MOMT must also serve a copy of this order on Mr. Verma.

**IT IS SO ORDERED.**

Dated:   June 18, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge